IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

PHILLIP HUDSON,

                       Petitioner,                                      ORDER

     v.                                                            08-cv-282-bbc

GREGORY GRAMS, Warden,
Columbia Correctional Institution,

                       Respondent.
_____

      Petitioner Phillip Hudson, an inmate at Columbia Correctional Institution in Portage, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This court granted his petition for leave to proceed *in forma pauperis* in a separate order. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

      Petitioner challenges a final decision of the Wisconsin Division of Hearings and Appeals revoking his probation in Milwaukee County Case No. 98 CF 1180, alleging that his right to due process was violated when the division failed to hold his hearing within 50 days of detention as required by Wis. Stat. § 302.335(2)(b). Documents attached to the petition show that petitioner was placed in custody on May 15, 2002 for allegedly violating conditions of his probation. His final revocation hearing originally was set for July 3, 2002 but then rescheduled

for August 7, 2002, 84 days (or two and a half months) after he was detained. Dkt. 1 at 20-26.

Probationers undergoing revocation proceedings are afforded the minimum requirements of due process. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). The Supreme Court has held that due process requires a final revocation hearing "within a reasonable time" after the probationer is taken into custody. *Morrissey*, 408 U.S. at 488. In order to define what is reasonable, the Court of Appeals for the Seventh Circuit has applied the balancing test used to determine whether a criminal defendant has been provided a speedy trial pursuant to the Sixth Amendment, considering the length of the delay, the reason for the delay, the probationer's assertion of his right to a prompt hearing and the prejudice to petitioner. *United States v. Rasmussen*, 881 F.2d 395, 398 (7th Cir. 1989); *United States v. Scott*, 850 F.2d 316, 319-20 (7th Cir. 1988). Although a 2 ½ month delay between detention and hearing is well within the bounds of reasonableness, *Morrissey*, 408 U.S. at 488 (lapse of 2 months not unreasonable), other factors may weigh in petitioner's favor. Therefore, petitioner has stated a constitutionally cognizable claim warranting a response from the state. 28 U.S.C. § 2254(a).

However, before filing a petition for a writ of habeas corpus under § 2254, a person in custody must first exhaust the remedies that are available in the state courts. *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A). In *O'Sullivan v.*

2

*Boerckel*, 526 U.S. 838 (1999), the United States Supreme Court held that in order to comply with this exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. This means that state prisoners must seek discretionary review of their claims in the state's highest court "when that review is part of the ordinary appellate review procedure in the State . . . ." *Id.* at 847. Thus, in Wisconsin, a prisoner seeking federal habeas review must first complete the state appellate review process by presenting his claims on direct appeal to the state court of appeals and then to the state supreme court in a petition for review. *Moore v. Casters*, 345 F.3d 474, 486 (7th Cir. 2003). It appears that petitioner has procedurally defaulted his claim in two ways.

First, although he raised his claim in a postconviction motion and on appeal to the Wisconsin Court of Appeals, he admits in his petition that he failed to file a timely petition for review in the Wisconsin Supreme Court. When a petitioner commits procedural default, the federal court is barred from reviewing the merits of the constitutional claims unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Chambers*, 264 F.3d at 737. To show "cause," petitioner must show that "some objective factor external to the defense impeded counsel's [or petitioner's] efforts to comply the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show that

3

a fundamental miscarriage of justice occurred, petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 496.

Petitioner contends that he missed the filing deadline for the petition for review because the prison librarian failed to provide him with copies of his legal documents before the expiration of the deadline. *Id.* at 33-37. The documents attached to the petition show that the prison librarian admitted fault. Although it seems that an objective factor outside petitioner's control prevented him from meeting his filing deadline, I will leave it to respondent to raise and argue procedural default as an affirmative defense in its response.

Second, petitioner filed a motion for postconviction relief in December 2004, arguing that the sentencing after revocation violated his right against double jeopardy. He unsuccessfully appealed the denial of that motion. Dkt. 1 at 29-30. In November 2006, petitioner filed a second postconviction motion, alleging the claim that he raises in his habeas petition. The circuit court denied the motion and petitioner appealed. Dkt. 1 at 27-32. On December 4, 2007, the court of appeals affirmed, concluding that because petitioner could have raised the claim on appeal or in his 2004 postconviction motion and did not establish a sufficient reason for not doing so, he was barred from raising the claim in the later motion. *State v. Hudson*, No. 2006 AP 2997, at ¶¶ 4-8 (Wis. Ct. App. Dec. 4, 2007) (citing *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185-86, 517 N.W.2d 157 (1994)). The appellate court also found that petitioner did not establish that his argument constituted a new factor justifying sentence modification because the administrative law judge had addressed the issue in her decision and the case on which

4

petitioner relied existed at the time of his probation revocation. *Id.* at ¶ 9. Petitioner has not alleged that he can meet either exception to the procedural default rule with respect to his failure to present his claim in the manner required by the state courts. However, I will leave it to the state to argue this issue in their response. Petitioner should be prepared to present facts or other evidence either 1) showing cause for the apparent default and actual prejudice as a result of the alleged due process violation or 2) demonstrating that failure to consider his due process claim will result in a fundamental miscarriage of justice.

ORDER

IT IS ORDERED that:

1.      Pursuant to an informal service agreement between the Attorney General and the court, the Attorney General is being notified to seek service on Warden Grams.

2.      The state shall file a response to the petition not later than 30 days from the date of service of the petition, showing cause, if any, why this writ should not issue.

If the state contends that any of petitioner's claims are subject to dismissal with prejudice on grounds such as procedural default or the statute of limitations or without prejudice on grounds of failure to exhaust, then it should file a motion to dismiss and all supporting documents within its 30-day deadline. If relevant, the state must address in its supporting brief the issue of cause, prejudice and staying this action while petitioner exhausts his state court remedies. Petitioner shall have 20 days following service of any such motion within which to

5

file and serve his responsive brief and any supporting documents. The state shall have 10 days following service of the response within which to file a reply.

If at this time the state wishes to argue petitioner's claims on their merits, either directly or as a fallback position in conjunction with any motion to dismiss, then within its 30-day deadline the state must file and serve not only its substantive legal response to petitioner's claims, but also all documents, records and transcripts that commemorate the findings of fact or legal conclusions reached by the state courts at any level relevant to petitioner's claims. The state also must file and serve any additional portions of the record that are material to deciding whether the legal conclusions reached by state courts on these claims was unreasonable in light of the facts presented. 28 U.S.C. § 2254(d)(2). If the necessary records and transcripts cannot be furnished within 30 days, the state must advise the court when such papers will be filed. Petitioner shall have 20 days from the service of the state's response within which to file a substantive reply.

If the state chooses to file only a motion to dismiss within its 30-day deadline, it does not waive its right to file a substantive response later, if its motion is denied in whole or in part. In that situation, the court would set up a new calendar for submissions from both sides.

3.      Once the state has filed its answer or other response, petitioner must serve by mail a copy of every letter, brief, exhibit, motion or other submission that he files with this court upon the assistant attorney general who appears on the state's behalf. The court will not docket or consider any submission that has not been served upon the state. Petitioner should include on

6

each of his submissions a notation indicating that he served a copy of that document upon the state.

4. The federal mailbox rule applies to all submissions in this case.

Entered this 9th day of June, 2008.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge