IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

PHILLIP HUDSON,

                 Petitioner,                ORDER

     v.                            08-cv-282-bbc

GREGORY GRAMS, Warden,
Columbia Correctional Institution,

                 Respondent.
_____

      Petitioner Phillip Hudson has filed a letter with the court requesting assistance with a conduct report which resulted in his being placed in disciplinary segregation for 120 days. Dkt. #18. Petitioner filed a petition for a writ of habeas corpus in this court on May 15, 2008. Dkt. #1. His current request is for assistance in a matter unrelated to the claims in his petition challenging his original conviction and sentencing. For the reasons stated below, petitioner's request is denied.

      Petitioner alleges that he was issued a conduct report, falsely accusing him of pulling away from a correctional officer who was escorting him to the shower. Following a hearing on May 30, 2008, petitioner received 120 days in disciplinary separation. Petitioner contends that he did not receive a fair hearing, in violation of his rights to fundamental due process; he was demoted improperly from step 3 to step 2 administrative confinement status, resulting in a loss of privileges; and he was improperly removed from the step program for

disciplinary separation, resulting in a longer period of administrative confinement, in violation of Wis. Admin Code DOC § 303.70 (9)(c). On May 27, 2008, petitioner filed a petition for a writ of prohibition with the Wisconsin Supreme Court, which denied it on July 28, 2008.

Although petitioner sought relief in the Wisconsin Supreme Court, it does not appear that he exhausted his administrative or state court remedies as required under 28 U.S.C. § 2254(b)(1)(A). After obtaining a final decision from the Department of Corrections, petitioner must challenge that determination in a petition for a common law writ of certiorari to the state courts. McAtee v. Cowan, 250 F.3d 506, 508 (7th Cir. 2001).

In any event, even if petitioner had exhausted his claims, his allegations are unrelated to the claims raised in his habeas petition and do not constitute cognizable claims under 28 U.S.C. § 2254(a). Habeas relief under § 2254 is the appropriate remedy only when a prisoner attacks the fact or duration of his custody and not conditions of confinement. See 28 U.S.C. § 2254(a); Richmond v. Scibana, 387 F.3d 602, 606 (7th Cir. 2004); DeWalt v. Carter, 224 F.3d 607, 617 (7th Cir. 2000). Petitioner is not attacking his underlying conviction or sentence and is not alleging that the disciplinary action extended his original sentence. Instead, his allegations are classic § 1983 claims attacking the allegedly unconstitutional acts of his custodians. Accordingly, petitioner may not bring these claims in conjunction with his current habeas petition.

2

If petitioner is serious about seeking relief, he must file a new lawsuit under 42 U.S.C. § 1983. This would trigger the requirements of the Prison Litigation Reform Act, such as administrative exhaustion and full fee payment. See 28 U.S.C. §§ 1915 and 1997e. Unless there is more to petitioner's claim than he has presented so far, it is likely that any such lawsuit would face swift dismissal under 28 U.S.C. § 1915A(b)(1), which would then count as a "strike" against petitioner under 28 U.S.C. § 1915(g). Generally, time in administrative segregation does not trigger due process protections unless an inmate's liberty is restricted so greatly that he experiences an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995); see also Hewitt v. Helms, 459 U.S. 460, 468 (1983); Lekas v. Briley, 405 F.3d 602, 609 (7th Cir. 2005) (administrative segregation at sole discretion of prison officials); Hoskins v. Lenear, 395 F.3d 372, 375 (7th Cir. 2005).

Given the procedural consequences under the Prison Litigation Reform Act, I am not construing petitioner's allegations as a set of claims under § 1983. See Pischke v. Litscher, 178 F.3d 497 (7th Cir. 1999) (habeas petitions raising claims under § 1983 should be

3

dismissed rather than converted).  It will be up to petitioner to determine whether to file a new lawsuit under the appropriate statutes.

ORDER

IT IS ORDERED that petitioner's request for assistance with his disciplinary action is DENIED.

Entered this 12th day of August, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

4