IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

PHILLIP HUDSON,

                     Petitioner,                                     ORDER

      v.                                                                 08-cv-282-bbc

GREGORY GRAMS, Warden,
Columbia Correctional Institution,

                     Respondent.
_____

       Petitioner Phillip Hudson, an inmate at Columbia Correctional Institution in Portage, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a final decision of the Wisconsin Division of Hearings and Appeals revoking his probation in Milwaukee County Case No. 98 CF 1180, alleging that his right to due process was violated when the division failed to hold his hearing within 50 days of detention as required by Wis. Stat. § 302.335(2)(b).

       Before the court is respondent's motion to dismiss on the ground that petitioner has failed to file his petition within the one-year statute of limitations period and alternatively, that he procedurally defaulted his claim. I decline to find that the petition is untimely because there is insufficient information in the record from which I can reach a decision. However, I do agree with respondent that the state courts properly dismissed petitioner's

claim on independent and adequate procedural grounds. Because petitioner has not shown that he meets either exception to the procedural default rule, I am granting respondent's motion to dismiss.

From the petition, documents attached to the parties' submissions and state records available electronically, I find the following facts.

## ALLEGATIONS OF FACT

Petitioner pleaded guilty to one count of armed robbery in 2000 in the Milwaukee County Circuit Court, which withheld sentence and placed petitioner on five years' probation. On May 15, 2002, he was placed in custody for allegedly violating conditions of his probation. A final revocation hearing was set for July 3, 2002 but was rescheduled for August 7, 2002. Administrative Law Judge Beth Whitaker revoked petitioner's probation on August 20, 2002. On October 31, 2002, the circuit court sentenced petitioner after revocation to 10 years in prison. The court entered the judgment of conviction on November 1, 2002. Dkt. #1 at 20-27. Petitioner filed a notice of appeal in the circuit court on October 22, 2003. On January 9, 2004, the court of appeals found that petitioner had shown good cause to extend the time in which he could file his notice of intent to seek postconviction relief. The appellate court dismissed the notice of appeal as premature but construed it as a timely notice to seek postconviction relief. See Consolidated Court

2

Automation Programs (CCAP) WI Supreme Court and Court of Appeals Cases Access for no. 2003 AP 2916 at http://wcca.wicourts.gov (visited Oct. 1, 2008).

On November 26, 2004, petitioner filed a motion for postconviction relief in circuit court, arguing that the sentencing after revocation violated his right against double jeopardy. He unsuccessfully appealed the denial of that motion and the judgment became final on May 9, 2006 when the Wisconsin Supreme Court denied review. Id.; State v. Hudson, No. 2004 AP 3392 (Ct. App. Jan. 24, 2006); dkt. #1 at 27-30.

On November 7, 2006, petitioner filed a second postconviction motion, alleging that the Division of Hearings and Appeals lost jurisdiction to revoke his probation when it failed to hold his revocation hearing within 50 days, creating a new factor that entitled him to resentencing. The circuit court denied the motion, finding that petitioner could have appealed the administrative decision by filing a timely petition for writ of certiorari or raised his claim in his earlier postconviction motion. Dkt. #1 at 27-32. On December 4, 2007, the court of appeals affirmed, concluding that because petitioner could have raised the claim on direct appeal or in his 2004 postconviction motion and did not establish a sufficient reason for not doing so, he was barred from raising the claim in the later motion. State v. Hudson, No. 2006 AP 2997, at ¶¶ 4-8 (Wis. Ct. App. Dec. 4, 2007) (citing State v. Escalona-Naranjo, 185 Wis. 2d 168, 185-86, 517 N.W.2d 157 (1994)). The appellate court also found that petitioner did not establish that his argument constituted a new factor

3

justifying sentence modification because the administrative law judge had addressed the issue in her decision and the case on which petitioner relied existed at the time of his probation revocation. Id. at ¶ 9.

Petitioner planned to file a petition for review in the Wisconsin Supreme Court. In a December 23, 2007 letter to Glen Singer, the prison librarian, petitioner requested that copies of his court documents be forwarded to the state supreme court before January 4, 2008. Dkt. #1 at 33. The library did not process the request until January 7, 2008, three days after the expiration of petitioner's deadline for filing a petition for review. Wis. Stat. § 809.10 (petition for review filing deadline is 30 days from date of court of appeals' decision). Therefore, petitioner was not able to file a petition for review. Dkt. #1 at 34-35. Petitioner filed an internal complaint with the prison on January 14, 2008. In a report dated February 18, 2008, the complaint examiner wrote that Singer admitted that "the library and other personnel were responsible for" petitioner's missing his filing deadline. Id. at 37.

## OPINION

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations period for all habeas proceedings, running from certain specified dates. 28 U.S.C. § 2244. The one-year limitation begins to run from the latest of:

4

1) the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review; 2) the date on which any state impediment to filing the petition was removed; 3) the date on which the constitutional right asserted was first recognized by the Supreme Court, if that right was also made retroactively applicable to cases on collateral review; or 4) the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. § 2244(d)(1)(A)-(D). Pursuant to 28 U.S.C. § 2244(d)(2), time is tolled during the pendency of any properly filed application to the state for post-conviction relief.

Respondent argues that because petitioner is not challenging his underlying judgment of conviction, the fourth situation applies. I disagree. Under § 2244(d)(1), the one-year statute of limitations applies to an application for a writ of habeas corpus brought by a person in custody pursuant to the judgment of any state court and runs from the date on which the judgment became final. The statute does not require that the judgment be in the underlying case if the petitioner is challenging the probation revocation procedures.

The state circuit court entered a judgment of conviction after revocation on November 1, 2002. Because a probation revocation decision is made after the time for direct appeal from judgment and sentence has elapsed, Wisconsin allows criminal defendants to appeal such decisions by filing a petition for a common law writ of certiorari. Wis. Stat. § 301.048(3)(d); State v. Bridges, 195 Wis. 2d 254, 258-59, 536 N.W. 2d 153, 154 (Ct.

App. 1995). "This preserve[s] [petitioner's] ability to get review of the extension order as a matter of right because 809.30 . . . requires that a notice to intent to file seek postconviction relief be filed '[w]ithin 20 days after the date of sentencing.'" State v. Swiams, 277 Wis. 2d 400, 409, 690 N.W. 2d 452, 456-57 (Ct. App. 2004).

In this case, petitioner did not seek to appeal the revocation decision until a year after the sentencing decision. However, the court of appeals found that he had good cause to do so and allowed him to file a § 976.04 motion. What is unclear from the record before the court is how the decision of the court of appeals affected petitioner's ability to get review as a matter of right. This uncertainty prevents me from ruling on the timeliness of the petition.

I turn next to respondent's procedural default argument.

B. Procedural Default

Petitioner argues that the procedural default rule cannot supersede his constitutional rights. However, it is well established that a prisoner seeking a writ of habeas corpus must exhaust his state remedies before seeking federal relief. 28 U.S.C. § 2254(b)(1)(A); Moleterno v. Nelson, 114 F.3d 629, 633 (7th Cir. 1997). In order to comply with this requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513

6

U.S. 364, 365 (1995) (state courts must have "opportunity to pass upon and correct alleged violations of its prisoners' federal rights"). Claims are exhausted when they have been presented to the highest state court for a ruling on the merits of the claims or when state remedies no longer remain available to the petitioner. Engle v. Isaac, 456 U.S. 107, 125 n. 28, 1570 n. 28 (1982); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.").

When a petitioner already has pursued his state court remedies but failed to properly present his claims to the state courts along the way, "it is not the exhaustion doctrine that stands in the path to habeas relief . . . but rather the separate but related doctrine of procedural default." Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). The procedural default doctrine requires that state prisoners "not only become ineligible for state relief before raising their claims in federal court, but also that they give state courts a sufficient opportunity to decide those claims before doing so." O'Sullivan, 526 U.S. at 854 (Stevens, J., dissenting). Under the procedural default doctrine, a federal court is precluded from reaching the merits of a habeas claim if the petitioner either 1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred; or 2) presented his claim to the state courts but the state court dismissed the claim on a state procedural ground independent of the federal question and

7

adequate to support the judgment. Perruquet, 390 F.3d at 514 ; Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002); Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001). A state ground is deemed "independent" for this purpose "only if the state court actually relied on a state rule sufficient to justify its decision." Prihoda v. McCaughtry, 910 F.2d 1379, 1382 (7th Cir. 1990). A state ground is considered "adequate" only if the state court applies the rule "in a consistent and principled way." Id. at 1383. The adequacy of the state ground is a question of federal law. Lee v. Kemna, 534 U.S. 362, 375 (2002). When a petitioner has procedurally defaulted his claims, the federal court denies the petition with prejudice, thereby foreclosing petitioner's opportunity for federal review of the claims unless the petitioner demonstrates cause for the default and actual prejudice as a result of the violation or demonstrates that the failure to consider the claims will result in a fundamental miscarriage of justice. Harris v. Reed, 489 U.S. 255, 262 (1989); Chambers, 264 F.3d at 737.

To show "cause," petitioner must show that "some objective factor external to the defense impeded counsel's [or petitioner's] efforts to comply the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To show that a fundamental miscarriage of justice occurred, petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 496. To satisfy this latter exception, a petitioner must show that it is more likely than not that no reasonable juror

8

would have convicted him in light of newly discovered evidence of innocence. Schlup v. Delo, 513 U.S. 298, 325-327 (1995).

Petitioner runs afoul of this doctrine in two ways. First, he failed to file a timely petition for review in the Wisconsin Supreme Court with respect to his second postconviction motion. Petitioner blames his default on the prison library whom he claims failed to provide him with copies of necessary legal documents before the expiration of the deadline. Id. at 33-37. The documents attached to the petition show that petitioner is correct. The prison librarian admitted fault. Because an objective factor external to petitioner's efforts prevented him from meeting the filing deadline for the petition for review, I would be inclined to find that he has shown cause and prejudice for the default.

However, petitioner also committed default by failing to raise his claim properly in the lower state courts. Both the circuit court and court of appeals found that petitioner's due process claim was barred because he failed to raise it either in a petition for writ of certiorari or in his first postconviction motion. Petitioner generally contends that the state courts did not rely on an independent and adequate state procedural ground in dismissing his claim because they "do not apply Wisconsin procedure in a consistent and principled way." Dkt. #21 at 1-2. Without more, petitioner's argument fails. Wisconsin law makes clear that a defendant who fails to raise a claim on direct appeal is barred from raising that claim in a later motion unless the defendant can show a "sufficient reason" for his failure to

9

raise the claim in his direct appeal. Wis. Stat. § 974.06(4); State v. Escalona-Naranjo, 185 Wis. 2d 168, 181, 517 N.W. 2d 157, 162 (1994). Wisconsin courts have consistently applied this rule.

Petitioner has not alleged that he had cause for the default. Although he does refer generally to the miscarriage of justice, he has not adduced any new evidence to show that the alleged constitutional violations would have probably resulted in his being found innocent. It is unclear whether petitioner could actually avail himself of this exception because he is challenging a revocation decision and not his actual conviction. Decliner v. Bowen, 301 F.3d 758, 767 (7th Cir. 2002) (refusing to apply miscarriage of justice standard where petitioner was challenging sentence and not underlying conviction). In any event, petitioner has not established that he is actually innocent of the conduct that led to the decision to revoke his parole and extended supervision. Accordingly, the petition must be dismissed.

ORDER

IT IS ORDERED that respondent's motion to dismiss on the alternative ground of procedural default is GRANTED. The clerk of court is directed to enter judgment dismissing the petition and close this case.

Entered this 3rd day of October, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge